NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2186
_____

UNITED STATES OF AMERICA

v.

JEFFREY BURD,
              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-21-cr-00086-001
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
January 21, 2022

Before: JORDAN, RESTREPO, and SMITH, *Circuit Judges*

(Filed: February 3, 2022)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent

SMITH, *Circuit Judge*.

Jeffrey Burd, pursuant to a written plea agreement, pleaded guilty to a one-count information that charged him with wire fraud in violation of 18 U.S.C. § 1343. The plea agreement made clear that the sentence to be imposed was "within the sole discretion of the sentencing judge." A2. The plea agreement further memorialized that the parties agreed to certain stipulations at sentencing, which did not bind the sentencing judge. A4. One of the stipulations the parties agreed to recommend was that a "sentence of 3 years' probation with the condition of home confinement for 2 years (the Stipulated Sentence) [was] reasonable." A8. And the parties further agreed that the home confinement should include electronic monitoring and that the Government would not oppose exceptions to home confinement for Burd to drive: 1) himself, his wife, and his mother to medical appointments; 2) his wife to work; and 3) to obtain groceries for both households. The District Court found that Burd entered the guilty plea knowingly and voluntarily and accepted the guilty plea.

At sentencing, the District Court rejected the "Stipulated Sentence" that would have allowed Burd "to do every single thing essentially that you are doing now." A65. While Burd, who was 61 years old at sentencing, made much of his health problems—hypertension, high cholesterol, asthma, obesity, and orthopedic pain— the District Court pointed out that those medical conditions had not precluded him from perpetrating the charged offense of wire fraud. Moreover, the BOP had the

2

ability to address his maladies. The District Court also noted that this was not Burd's first conviction for wire fraud, and remarked that it saw nothing that justified such a deviation from the sentencing guidelines. After noting that in some respects Burd's sentence should be in the upper range of his 27-to-33 month guideline range, the District Court nonetheless opted to impose a within-guideline sentence at the lower parameter of 27 months. This timely appeal followed.[1]

Burd challenges both the procedural and substantive reasonableness of his 27-month sentence. He contends the District Court did not meaningfully consider all the relevant sentencing factors and imposed an unreasonable and excessive sentence.[2]

The record belies Burd's claims of procedural and substantive unreasonableness. The Court thoughtfully considered the sentencing factors in this matter, including the kinds of sentences available. 18 U.S.C. § 3553(a)(4). And the District Court did not abuse its discretion by rejecting the stipulated sentence in the plea agreement and imposing a within-guideline sentence of 27 months.

We will affirm the judgment of the District Court.

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] We review for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Because Burd failed to object to the procedural unreasonableness of his sentence after its pronouncement, we also review that claim for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014).